IKUTA, District Judge,
dissenting.
The central question raised by this appeal is whether the City can deny Strickland a development permit solely because the City does not like the political commentary that Strickland included in his BMP plan.
According to the Supreme Court, the answer to this question is no. In Consolidated Edison Co. v. Public Service Commission (Con Ed), New York City told Con Ed, a regulated utility, that it could not include political statements in its official billing envelope. 447 U.S. 530, 532, 100 S.Ct. 2326, 65 L.Ed.2d 319 (1980). The Court struck down New York’s order because it was content-based censorship, id. at 537, 100 S.Ct. 2326, that could not withstand strict scrutiny, and therefore violated Con Ed’s First Amendment rights, id. at 544, 100 S.Ct. 2326.
According to the majority, the City’s censorship passes constitutional muster in this case because the City’s control over the content of the BMP plan makes it “government speech” that can be regulated without First Amendment scrutiny. But Strickland is the author of the BMP plan, not the City, and a government agency cannot “restrict the free expression of a private party” unless the agency owns the property where the speech is made or is speaking itself, regardless of how much regulatory control the agency has over the *411 private party’s actions. See Con Ed, 447 U.S. at 539-40 & n. 1, 100 S.Ct. 2326; Downs v. L.A. Unified Sch. Dist., 228 F.3d 1003, 1013 (9th Cir.2000). Thus, the majority’s reliance on Johanns v. Livestock Mktg. Ass’n, 544 U.S. 550, 553, 125 S.Ct. 2055, 161 L.Ed.2d 896 (2005) and Pleasant Grove City v. Summum, - U.S. -, -, 129 S.Ct. 1125, 1133, 172 L.Ed.2d 853 (2009), which involved direct government speech and control over government property, respectively, is to no avail.
The majority also claims that Strickland’s censorship claim fails because Strickland could express his political views in a different way. Maj. Op. at 410. But the Supreme Court has “consistently rejected the suggestion that a government may justify a content-based prohibition by showing that speakers have alternative means of expression.” Con Ed, 447 U.S. at 541 n. 10, 100 S.Ct. 2326.
It is well established that “the government may not deny a benefit to a person on a basis that infringes his constitutionally protected freedom of speech.” United States v. Am. Library Ass’n, Inc., 539 U.S. 194, 210, 123 S.Ct. 2297, 156 L.Ed.2d 221 (2003) (ellipsis and internal quotation marks omitted). In direct contradiction to this principle, the City denied Strickland a development permit until he agreed to curtail his First Amendment rights and remove his political commentary from the BMP plan. Therefore, I respectfully dissent.